IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DEONTA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:26cv168-MHT |
| | ) | (WO) |
| WARDEN HEADLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DISMISSAL ORDER

On February 5, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by 20 inmates incarcerated at Staton Correctional Facility, including plaintiff Deonta Turner, was received and docketed. *See McCoy v. Headly*, 2:26-cv-84-RAH-SMD (M.D. Ala., filed Feb. 5, 2026), Doc. 1. On March 13, 2026, an order was issued directing that separate civil actions be opened for 19 of the 20 plaintiffs. *Id.*, Doc. 2 ("March 13 Order"). In accordance with the March 13 Order, this action was opened.

By order dated March 30, 2026, plaintiff was instructed to either pay the filing and administrative

fees or file an application for leave to proceed *in forma pauperis* with a certified prison account statement from the inmate account clerk, and set a deadline of April 13, 2026. *See* Order (Doc. 3). The order expressly cautioned plaintiff that his failure to comply with the order's provisions could result in dismissal without further notice for failure to prosecute and comply with an order of the court. *See id*. at 2. To date, plaintiff has neither paid the filing and administrative fees nor filed an *in forma pauperis* application as ordered. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose

sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of

3

willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because plaintiff has failed to comply with this court's March 30 order, despite its express directives and warnings, and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of *in forma pauperis* status, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is dismissed without prejudice.

An appropriate judgment will be entered.

DONE, this the 30th day of April, 2026.

                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE

4